ANDRES R. JUAREZ
U.S
THE STATE OF TEXAS

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 JUN 26 PM 12: 43

KEITH E. HOTTLE, CLERK

IN THE FOURTH COURT OF APPEAS

APPEAL NO: 04-14-00370-CR. AND
04-14-00372-CR.

TRIAL CASE NO: 2013-CR-0937B. AND
2013-CR-0936B

BEXAR, COUNTY

## MOTION FOR A REHEARING

TO THE HONORABLE JUDGE OF THE FOURTH COURT OF APPEALS.

Comes now, ANDRES R. JUAREZ, appellant and files this motion for REHEARING. In support of this motion, appellant shows the court the following.

### I.

#### JURISDICTION

This Honorable Fourth Court of Appeals has jurisdiction in this matter pursuant to RULE 49.1, TEXAS RULES OF APPELLATE PROCEDURE. (hereafter "TRAP").

### II. NEW TRIAL (INEFFECTIVE ASSISTANCE).

The Sixth amendment guarantee's each defendant the right to effective assistance of Counsel at every critical stage of the proceedings in his defense, Mempa v. Rhay 389 U.S. 128, 134, 88 S.C.T 254 (1967) Webb v. State 244 S.W. 3d. 543 (TEX. App-HOUSTON 2007). Denial of Counsel at any critical stage entitles the applicant to releif. On grounds for ineffective assistance of Counsel. Appellant asked defense attorney to file a motion for NEW TRIAL. Appellant was convicted on April 28, 2014, counsel filed motion to withdraw from case on may 14, 2014. On may 12th, 2014

appellant sent a motion for new trial (PRO-SE) and the district clerk filed it on the 15th. Appellant was abandoned by counsel during time to file motion for new trial, denied constitutional right to effective counsel, Prudhomme v. State 28 s.w. 3d. 114,114 (TEX. App TEXARKANA 2000). Hanson v. State 11 s.w. 3d. 285, 288 (TEX. App HOUSTON 1999) Ineffective assistance of counsel may be raised in motion for New Trial, when accused presents motion raising matters not determinable from record for which accused could be entitled to relief. Applicant was entitled to a hearing on motion in which he alleged that counsel was ineffective. Indigent applicant was denied his right to counsel by failing to provide any assistance with respect to motion for new trial because he believed that his representation had ceased after trial, Supra.

Applicant's PRO-SE motion was not properly presented suen as to require a hearing by a nuetral decision maker due to ineffective assistance of counsel for entire critical period in which he could have presented motion for new trial and was without adequate counsel to assist him in preparing, presenting and arguing the motion. U.S.C.A. CONST. AMEND. 6 VERNONS ANN. TEX. CONST. ART. 1,10, RULES APP. PROC. RULE 21.4. Appellate court could not conclude beyond reasonable doubt that error was harmless, where applicants motion (PRO-SE) asserted facially plausible claim that guilty plea was involuntary and unintelligent. Motion raised matters which were not determinable from record and as such, trial court would have been required to hold hearing if motion had been properly presented and hearing had been requested, yet because applicant was deprived of counsel, he was deprived of important opportunity to present motion to trial court and opportunity to have hearing and to make record for appellant review. Applicant's PRO-SE motions to withdraw guilty

plea, pro-se motion for new trial. see exhibit in clerks records pages 90-91 and 95-96.

## III.

### INEFFECTIVE ASSISTANCE OF COUNSEL. SEE STONE V. STATE 909 SW 2d 570.

1). EVEN IF ACCUSED enters plea and waives his right to trial by jury, the state must still introduce evidence proving guilt to support judgement. VERNONS ANN. TEXAS C.C.P ART 1.15. (CRIMINAL LAW 273.2(2).)

A person accused of committing a felony must be convicted by a jury unless he enters a plea and waives his right to a trial by jury in open court and in writing. TEX CODE CRIMINAL. PROCEDURE. ANN ART 1.15 (VERNON SUPP. 1995). Texas does not follow the common law doctrine of conviction by plea. Massey V. State, 777 S.W. 2d 739, 740 (TEX. APP-BEAUMONT 1989, no pet.); cf. NORTH CAROLINA V. ALFORD, 400 US. 25, 91 S.C.T. 160, 27 L.Ed. 2d 162 (1970) (noting that while most plea's consist of both a waiver of trial and an express admission of guilt, an express admission of guilt is not "a constitutional requisite to the imposition of criminal penalty"). In Texas, if an accused enters a plea and waives his right to a trial by jury, the state still must introduce evidence proving guilt to support the judgement. see TEX. CODE CRIM PROC. ANN ART 1.15 (VERNON SUPP 1995); THORNTON V. State, 601 S.W 2d 340, 347 (TEX. CRIM. APP 1980) (op. on reh'g), OVER RULED ON OTHER GROUNDS, BENDER V. STATE, 758 S.W 2d. 278, 280 (TEX. CRIM. APP 1988); MASSEY, 777 S.W 2d. at 740; see also JACK V. STATE, 871 S.W 2d 741, 743 (TEX. CRIM. APP. 1994). The evidence supporting the judgement "may be stipulated if [accused] consents in writing, in open court, to waive appearance, confrontation, and cross examination of witnesses". TEX. CODE. CRIM. PROC. ANN ART 1.15 (VERNON SUPP. 1995); see also THORNTON, 601 SW. 2d at 347 ("in texas, evidence is recieved to

support judgement, not to accept the plea").

2.) Defendants plea of "NO CONTEST" and "WRITTEN ADMONISHMENT" indicating that states witnesses would testify that defendant committed Aggravated Robbery, but not that the testimony would be true, did not provide sufficient evidence of guilt to support conviction. VERNONS ANN. TEXAS C.C.P ART 1.15. (CRIMINAL LAW (275)).

After the PSI was prepared, the trial court held a hearing. At the conclusion of this hearing, the trial court found appellant guilty "based upon [appellants] plea of no contest and the evidence considered herein." The evidence presented consisted of: 1) the plea of no contest, 2) the written admonishment, and 3) the PSI. The State did not offer any other evidence in the form of affidavits or testimony in support of the judgement. The State argues that the documents executed in this case were sufficient to satisfy the requirements of article 1.15 of the code of criminal procedure. The documents executed showed that appellant entered a no contest plea and are an effective waiver of his rights to a trial by jury. However, the documents, as modified, are not sufficient to support the judgement. The documents indicate that the state's witnesses would testify that appellant committed aggravated robbery. A stipulation that certain testimony could be offered by the State is not a stipulation that the testimony would be true. PINE V. STATE, 872 S.W 2d. 25,26 (TEX. APP-HOUSTON [14th DISTRICT] 1994, no pet). "A stipulation of evidence is not an agreement that the evidence or testimony is admissible or that the testimony is truthful. It is merely an agreement to waive cross-examination of witnesses and agree that the written version of their testimony is the same as it would be if they were in the courtroom." STEWART V. STATE, 681 S.W. 2d 774, 775 (TEX. APP-HOUSTON [14th DIST.

1984, pet. ref'o )(en banc) The documents executed by appellant do not stipulate to the truth of the allegations. Thus, without additional evidence presented to the trial court, the documents do not provide sufficient evidence of guilt to support the conviction." CF BREWSTER V. STATE, 606 S.W. 2d 325 (TEX. APP. [ panel op ] 1980) ( the trial court admonished defendant that stipulation's were "the same thing as a judicial confessions"(emphasis in original)).

3.) STATE could not rely on presentence investigation reports (PSI) to support conviction of plea of NO CONTEST.    (CRIMINAL LAW (275)).

In the alternative, the state argues that based on DEGARMO V. STATE, 691 S.W 2d. 657 (TEX. CRIM. APP. 1985) CERT. denied, 474 U.S. 973, 106 S.CT 337, 88 L.Ed 2d. 322 (1985) we should review the PSI to support the finding of guilt. The PSI was prepared so that the trial court could determine an appropriate punishment. In DEGARMO, the court of criminal appeals reviewed a direct appeal of a capital murder, death penalty conviction. During the punishment phase of the trial, degarmo took the stand and admitted that he killed a 23 year old female. The court reiterated that, under texas law, if accussed takes the Stand during the punishment phase of trial and admits his guilt, he waives any sufficiency of the evidence complaint. Id. at 661. The court also stated : it has long been the law of this state that in reviewing the sufficiency of the evidence, this court will look to all of the evidence in the case that was addressed at both stage's of the trial, and not just that offered or presented by the state. Thus, evidence presented at the punishment stage of trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense.

However, in MUNOZ V. STATE, 853 S.W. 2d 558 the court of criminal appeals indicated that DeGARMO over stated the use of punishment phase evidence in a sufficiency of evidence review. The court stated: an appellate court is only authorized to view the punishment phase of the trial to determine whether a defendant has, by admitting elements of the offense, waived his rights to complain of error during the guilt-innocent phase. Absent a judicial confession by defendant, evidence from the punishment phase of trial will not be considered in determining the sufficiency of the evidence to support a conviction. Id. at 560 n.3 See also McGLOTHLIN V. STATE, 896 S.W. 2d 183 (TEX. CRIM. APP 1995) (error in the guilt-innocent phase of trial waived by an admission of guilt during the punishment phase of trial). The only evidence offered during the punishment phase of the trial was the PSI. Appellant did not testify or otherwise confess his guilt. Under munoz, the State may not rely on the PSI to support the conviction. Furthermore, there is no statement of facts of guilt-innocence phase proceedings. The record only contains the documents executed by appellant with the modifications indicated above. without adding any additional evidence, the state failed to present sufficient evidence to support a finding of guilt. DINE, 872 S.W 2d. at 26 See also BENDER V. STATE, 758 S.W 2d. 278 (TEX.CRIM. APP. 1988) THORNTON V. STATE, 601 S.W. 2d 340 (TEX.CRIM. APP 1980) (op on rehg); MASSEY V. STATE, 777 S.W 2d 739 (TEX. CRIM. APP-Beaumont 1989, no pet).

## VI.

courts admonishments and defendants waivers and affidavits of admonitions; what was counsel's strategic decision to have defendant plead no contest and sign these admonishments and admonishment says clearly that

defendant is mentally competent now and was legally sane at the time that the offense was committed, defendant kept telling him that he blacked-out and doesn't remember anything, counsel appointed an expert to evaluate defendant, the doctor noted that the medications he was on caused impaired memory and impaired judgement, also knowing theirs no evidence. Appellant's counsel never advised him that the no contest plea was combined with a judicial confession, counsel could of at least inform the defendant and warned him that the plea had a confession in it "if I were you i wouldn't sign the plea cause its combined with a judicial confession and from the facts you're telling me that you blacked out due to intoxication of Medication, which caused impaired memory and impaired judgement, and we'll reject the plea and proceed to a trial by jury. Counsel failed to object during punishment phase when district attorney humiliated defendant's character saying he was on the run and that defendant is using psychiatric issues as an excuse that their were no records of psychiatric history of records which were stated in appellants evaluation that they were obtained, and also suffers from mental health issues. which caused misleading information. Appellants counsel told him that it was best to not have the doctor cross-examined by the district attorney and to remain silent if so would of happened would have been a different out come.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing motion for a REHEARING, has been fowarded to the FOURTH COURT OF APPEALS DISTRICT, CADENA-REEVES JUSTICE CENTER, 300 DOLOROSA SUITE 3200, SAN ANTONIO, TX 78205. on the day 23 of JUNE ~~2014~~ 2015.

ANDRES R. JUAREZ #1928581
GARZA EAST UNIT
4304 HWY 202
BEEVILLE, TX 78102



FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 JUN 26 PM 12: 43

*Keith E. Hottle*

KEITH E. HOTTLE, CLERK

JUNE, 25, 2015

RESPECTED CLERK,

SORRY for the inconvinence, just
FOUND out the motion for rehearing rule and hopefully
gets to you on time, this is all new for me and im
doing it PRO-SE, im sorry.

ANDRES R. JUAREZ.



ANDRES R. JUAREZ # 1028551
GARZA EAST UNIT
4304 Hwy 202
Beeville, TX 78102

URGENT!

LEGAL MAIL.

FILED
IN THE COURT OF APPEALS
... SAN ANTONIO, TEXAS

2015 JUN 26 PM 12:43

KEITH E. HOTTLE, CLERK

78205303799

URGENT!

FOURTH COURT OF APPEALS
CADENA REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TX 78205

LEGAL CORRESPONDENT!

URGENT!